FILED by ___TM___ D.C.
ELECTRONIC

Sep 30, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 14-80189-CR-MARRA/MATTHEWMAN

Case No. _____

18 U.S.C. § 1349

UNITED STATES OF AMERICA

vs.

FRANKIE LANE,

      Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1.  The Department of Veterans Affairs (VA) was an agency of the United States Government. The Veterans Healthcare Administration (VHA) was the division of the VA which provided benefits, including health care benefits, to honorably discharged United States military veterans. The VHA Healthcare System (VHAHS) operated medical centers throughout the country which provided healthcare benefits, items or services to veterans. The VHAHS was a healthcare benefit program within the meaning of Title 18, United States Code, Section 1347.

2.  The VHAHS provided, and contracted for the provision of, durable medical equipment (DME) to veterans based on medical necessity as determined by their VHAHS physician. When a VHAHS physician found that DME was medically necessary, the physician entered, or caused to be entered, a "consult" into the VHAHS computer system. This "consult" was akin to a prescription for DME. Lifts and ramps which would assist a veteran's mobility

were considered DME for which a "consult" was required. "Consults" were valid for one calendar year.

3.     An individual known by the initials T.R. was employed as the Chief of Prosthetics of the Department of Veterans Affairs Medical Center (VAMC), located in West Palm Beach, Florida. The VAMC Prosthetics Department received all "consults" for DME, including "consults" for lifts and ramps. Upon receipt of a valid "consult," a Prosthetics Department purchasing agent would select a vendor in accordance with VA policies and procedures. T.R.'s job duties included supervising the procurement of prosthetics and DME for veterans served by the VAMC.

4.     Defendant **FRANKIE LANE** was the owner of AAA Medical Discount (AAA), a vendor of DME to veterans served by the VAMC in West Palm Beach, Florida.

## COUNT 1
### Conspiracy
### (18 U.S.C. § 1349)

5.     Paragraphs 1 through 4 of the General Allegations Section of this Information are realleged and incorporated by reference as though fully set forth herein.

6.     From on or about January 26, 2006, through on or about July 23, 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANKIE LANE,**

did knowingly and willfully combine, conspire, confederate, and agree with T.R. to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud the VHAHS, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control

2

of, the VHAHS, in connection with the delivery of and payment for health care benefits, items, and services.

## PURPOSE OF THE CONSPIRACY

7.    It was the purpose of the scheme and artifice for the defendant and his co-conspirator to unlawfully enrich themselves and to cause a loss to the VHAHS through the submission of false and fraudulent DME claims.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirator sought to accomplish the object and purpose of the conspiracy included, among others, the following:

8.    T.R. created, and caused the creation of, fraudulent "consults" in order to generate fraudulent purchase orders which purportedly authorized AAA to provide, and the VHAHS to pay AAA for, lifts and/or ramps which T.R. and **FRANKIE LANE** never intended to be provided to veterans.    In some instances, T.R. cloned, and caused the cloning of, old, previously fulfilled "consults" in order to generate new, fraudulent purchase orders for lifts and ramps.  In at least one instance, T.R. acted as a provider and created a "consult" in order to generate a fraudulent purchase order for a lift.

9.    T.R. provided, and caused to be provided, the fraudulent purchase orders to **FRANKIE LANE**.  T.R. and **FRANKIE LANE** understood and agreed that AAA would invoice VHAHS for the lifts and ramps purportedly authorized by the fraudulent purchase orders, but that AAA would not actually provide the lifts and ramps to veterans.

10.    **FRANKIE LANE** submitted false and fraudulent invoices to the VHAHS which invoices indicated that AAA had provided lifts and/or ramps to veterans in accordance with the fraudulent "consults" when, in truth and fact, AAA had not provided such lifts or ramps to veterans.

11.     T.R. instructed purchasing agents in the prosthetics department to process the false and fraudulent invoices and to pay AAA for the lifts and/or ramps purportedly provided to veterans.

12.     As a result of the false and fraudulent "consults," purchase orders, and invoices, **FRANKIE LANE** and T.R. caused the VHAHS to make payments to AAA to which AAA was not entitled.  **FRANKIE LANE** kicked back a portion of these payments to T.R.

13.     On or about July 23, 2010, as part of an effort to cover up his involvement in the conspiracy, **FRANKIE LANE** provided, and caused to be provided, false documentation to federal agents in response to a federal grand jury subpoena.

All in violation of Title 18, United States Code, Section 1349.


WIFREDO A. FERRER
UNITED STATES ATTORNEY


STEPHANIE D. EVANS
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                   CASE NO.   _____

vs.

                                           **CERTIFICATE OF TRIAL ATTORNEY***
FRANKIE LANE
                    Defendants.
                                           **Superseding Case Information:**
_____/

**Court Division:** (Select One)              New Defendant(s)        Yes _____ No __X___
                                             Number of New Defendants    _____
       Miami _____    Key West _____         Total number of counts      _____
       FTL ___        WPB __X__   FTP ___

       I do hereby certify that:

   1.     I have carefully considered the allegations of the indictment, the number of defendants, the number of probable
          witnesses and the legal complexities of the Indictment/Information attached hereto.

   2.     I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting
          their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section
          3161.

   3.     Interpreter:       (Yes or No)        No
          List language and/or dialect          _____

   4.     This case will take       0-5     days for the parties to try.

   5.     Please check appropriate category and type of offense listed below:
          (Check only one)                                    (Check only one)

   I      0  to  5 days         __X__              Petty        _____
   II     6  to 10 days         _____            Minor        _____
   III    11 to 20 days         _____            Misdem.      _____
   IV     21 to 60 days         _____            Felony       __X__
   V      61 days and over

   6.     Has this case been previously filed in this District Court? (Yes or No)          No
   If yes:
   Judge: _____                    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)        No
   If yes:   Magistrate Case No.                                    _____
   Related Miscellaneous numbers:                 _____
   Defendant(s) in federal custody as of          _____
   Defendant(s) in state custody as of            _____
   Rule 20 from the
                                      District of  _____

       Is this a potential death penalty case? (Yes or No) _____ Yes   __X__ No

   7.     Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to
          October 14, 2003?           _____ Yes    __X__ No

   8.     Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to
          September 1, 2007?          _____ Yes    __X__ No


                                           _____
                                           STEPHANIE D. EVANS.
                                           ASSISTANT UNITED STATES ATTORNEY
                                           Florida Bar/Court No. 0255180

*Penalty Sheet(s) attached                                                    REV 9/11/07

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: FRANKIE LANE**

**Case No**: _____

Counts: 1

_____18 U.S.C. 1349_____
_Conspiracy to Commit Healthcare Fraud._____

**\* Max. Penalty**: 10 Years Imprisonment; 3 Years Supervised Release; $250,000 Fine or twice the gain or loss from the offense, whichever is greater.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### <u>BOND RECOMMENDATION</u>

DEFENDANT: <u>FRANKIE LANE</u>

<u>$100,000 Personal Surety</u>
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _Stephanie Evans_ (signature)

AUSA:   Stephanie D. Evans

Last Known Address: _____

_____

_____

What Facility:          _____

_____

Agent(s):        <u>Special Agent Dave Spilker,  VA OIG</u>
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| FRANKIE LANE | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**James R. Gailey**
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*